Lane, O. J.
This is a question of appropriation of moneys made by the sale of mortgaged premises.
The Bank of the TJrlited States brought its bill against Singer and Covert for foreclosure of certain tenements on Lower Market street, which, it is admitted, must be first paid from the sale.
Singer and Covert mortgaged a lot on Sycamore street to Dunlap, which is admitted to bo the first incumbrance.
Afterward, in 1839, they mortgaged both lots to Healey, for seven-notes ; one.for $1,800, payable in three years, and six for $216 eachi payable at intervals of six months, the first of which became due on January 9, 1840. This mortgage ^contained a condition that Singer and Covert might pay the note for $1,800 at any time after one year, and that when paid, all the small notes not due should become void.
The condition of the mortgage is in these words:
“Provided always, that if the said Enion Singer and Joseph B. Covert, or either of them, their executors, administrators or assigns, shall well and truly pay, or cause to be paid to the said Patrick Healey, his executors, administrators or assigns, the sum of $3,096, according to the tenor and effect of seven several promissory notes, of even date herewith, drawn by said Singer and Covert in favor of said Healey; one for $1,800, payable to said Healy or order, three years from date; and the other six for $216-each, drawn by said Singer and Covert in favor of said Healey or order, and payable in six, twelve, eighteen, twenty-four, thirty, and thirty-six months from date; and also the premium that may bo paid by the said Healey, for the insurance on the said premises, of any sum of money not exceeding $1,200, ior the further security of the above sums of money, then these presents shall be void: Provided, also, and it is hereby declared to be the understanding of the parties, that if default be made by said Singer and Covert, in the payment of any one of said notes at the time the same is-made payable, the said sum of $1,800 shall, from the time of such default, be considered as due, and may be proceeded on accordingly for collection. The said Singer and Covert have the privi *210 ■lege of paying said $1,800 at any time after one year from date, «and, when paid, the smaller notes not then due are to be canceled, -«interest being computed up to time of payment.”
In July, 1840, Healey assigned the four small notes, last payable, ■to Murray, and the benefit of the mortgage. In December, Healey «assigned to West a lion of $1,000 on the large note, and afterward assigned a lien on the remaining $800 to Eleazer Ezekiel, all with .the similar benefit of the mortgage. The two small notes first duo appear to have been paid.
*All these facts appear from the bill, cross-bills, and answers, and the only litigation is, whether Murray, the holder of the lour small notes, or West and Ezekiel (or their assignees), the holders of the large note,-are-entitled to be preferred.
Where a mortgage is given to secure money payable, by installments, it obviously should be applied, first, to pay the sums first due; for the obligation to j>ay the first may be enforced against the property before any default in later payments.
In this case, the note for $1,800 became due in three years, and .as much sooner as a failure occurred to pay any one of the smaller notes. The first failure proved, occurred in the neglect to pay the note held by Murray, duo January, 1841. Thus both the note then payable and the large note became due together, and both ahould be satisfied by the sale.
This view settles the case, unembarrassed by many considerations urged by the defendants’ counsel. It is of no moment that the notes are negotiable, because the rights, here acted upon, accrue not under the notes, but under the mortgage. Nor is Murray ■permitted to rely upon priority of assignment, because his rights •depend on the deed, which affects him with notice, by expressing .all conditions. Decree accordingly